IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS ARTURO CALDERON, §<br>  #56761-177, §<br>           MOVANT, §<br>                     §<br>v.                   § CIVIL CASE NO. 3:23-CV-632-L-BK<br>                     §   (CRIMINAL CASE NO. 3:18-CR-81-L-1)<br>UNITED STATES OF AMERICA, §<br>           RESPONDENT. § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Luis Arturo Calderon's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On May 16, 2023, the Court issued a deficiency order, in accordance with Local Civil Rule 7.2(c), requiring Calderon to file a brief in support of his § 2255 motion no longer than 25 pages. Doc. 8. Local Civil Rule 7.2(c) provides that "a brief must not exceed 25 pages (excluding the table of contents and table of authorities)" and that "[p]ermission to file a brief in excess of th[is] page limitation[] will be granted by the presiding judge only for extraordinary and compelling reasons." The deadline for Calderon's compliance was June 16, 2023, but neither complied nor sought an extension of time to do so.

Thus, on August 8, 2023, in the interest of justice, the Court *sua sponte* enlarged the deadline to comply with the court's deficiency order to August 30, 2023. The Order again

warned: "MOVANT IS AGAIN ADMONISHED THAT FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN THE DISMISSAL OF THIS ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(b). As of the date of this recommendation, however, Calderon has again not responded to the deficiency order, nor has he sought an extension of time to do so.

## I. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Generally, such dismissal is without prejudice. But when, as here, a litigant may be barred by the statute of limitations from re-asserting his claims, a Rule 41(b) dismissal is akin to a dismissal with prejudice and the court is required to apply a higher standard of review. *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In that case, the court may dismiss for want of prosecution only when there is a clear record of delay or contumacious conduct by the petitioner, and lesser sanctions would not prompt diligent prosecution or the record shows that the district court employed lesser sanctions that proved to be futile. *Berry*, 975 F.2d at 1191. In applying this higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] [petitioner] himself and not his attorney; (2) actual prejudice to the [respondent]; or (3) delay caused by intentional conduct.'" *Id.*; *see Nottingham v. Warden, Bill Clements Unit*,

837 F.3d 438, 441 (5th Cir. 2016) (same in prisoner civil rights action); *United States v. Bevill*, No. 18-10708, 2021 WL 4995478, at *2 (5th Cir. Oct. 27, 2021) (per curiam) (same in § 2255 action).

Calderon was sentenced on April 10, 2019, and his direct appeal was dismissed on March 16, 2022.  Crim. Doc. 109; Crim. Doc. 128.  So his § 2255 motion would now be time barred should he try to refile it—rendering a dismissal effectively with prejudice.  *See* 28 U.S.C. § 2255(f)(1).  Therefore, the Court may dismiss Calderon's § 2255 motion for want of prosecution only after applying the higher standard and finding at least one aggravating factor.

Those requisites are met here.  This § 2255 case has been pending for nearly eight months and, despite two deficiency orders, Calderon has failed to submit a brief that complies with the 25-page limit.  N.D. Tex. L. R. 7.2(c).  Since Calderon is representing himself, the near six-month delay caused by his non-compliance is attributable to him alone.  *See Berry*, 975 F.2d at 1191.  According to the Bureau of Prisons' website, Calderon is still confined at Oakdale FCI where the Clerk of the Court mailed the deficiency orders.   As such, he was presumably aware of his obligation under the Court's Orders, yet failed to comply or, alternatively, seek an extension of time to comply or permission to file a brief in excess of the page limitation.

Moreover, in light of Calderon's complete lack of engagement for over five months, no lesser sanction will prompt diligent prosecution of his § 2255 motion.  "Cases are typically dismissed for failure to prosecute when the plaintiff's lack of engagement prevents full consideration of the merits."  *Bevill*, 2021 WL 4995478, at *3 (collecting cases).  That is the situation here.  Calderon's § 2255 motion simply enumerates the grounds for relief and states "Please see Memorandum of law" apparently for any legal arguments.  *See* Doc. 1 at 4-8. Absent a conforming brief, the Court is unable to review Calderon's claims on the merits.  Stated

another way, the Court cannot order the government to respond to Calderon's claims based on the bare claims presented in the § 2255 motion.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 41(b), even if the one-year limitations period may prevent further litigation of Calderon's § 2255 claims.  *See Nottingham*, 837 F.3d at 441 (finding no abuse of discretion where the district court applied the higher standard of review and dismissed a *pro se* civil rights action due to the plaintiff's intentional noncompliance with court orders); *cf. Bevill*, 2021 WL 4995478, at *2-3 (finding abuse of discretion because district court dismissed § 2255 motion without applying higher standard of review and the government had fully briefed the § 2255 claims).  *See also Bryson v. United States*, 553 F.3d 402, 404 (5th Cir. 2008) (per curiam) (affirming dismissal of deficient habeas petition with prejudice because repeat filer failed to comply with multiple deficiency orders).

## II. CONCLUSION

For all these reasons, it is recommended that Calderon's § 2255 motion be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a Court order and for want of prosecution.[1]  *See* Fed. R. Civ. P. 41(b).

**SO RECOMMENDED** on November 17, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] As the Court has explained previously, the one-year statute of limitations applies to this § 2255 motion as well as to any other § 2255 motion that Calderon may file in this court.  *See* 28 U.S.C. § 2255(f); *see also* § 2255 motion, Doc. 1 at 10-11 (citing the one-year limitations period).  So the dismissal recommended here is effectively a dismissal with prejudice.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).