IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS ARTURO CALDERON,         § | |
| § | |
| Movant,                      § | |
| § | |
| v.                           § | NO. 3:23-CV-632-L |
| § | (NO. 3:18-CR-081-L-1) |
| UNITED STATES OF AMERICA,    § | |
| § | |
| Respondent.                  § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Amended Motion ("Amended Motion") of Luis Arturo Calderon under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed March 21, 2023. The original Motion was dismissed for failure to comply with the court's orders, but ultimately the court reinstated it. Movant then filed an Amended Motion, which the government argues does not relate back to the original motion. The court agrees, denies the Amended Motion, and **dismisses with prejudice** this action.

**I.    BACKGROUND**

On February 6, 2018, Movant was named in a two-count indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846, and in count two with possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). CR ECF No.[1] 30. Movant signed a plea agreement pursuant to which he agreed to plead guilty to the

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No.

**Memorandum Opinion and Order – Page  1**

offense charged by count two of the indictment and the government agreed not to bring any additional charges against him based upon the conduct underlying and related to the plea and to dismiss any remaining charges. CR ECF No. 73. The plea agreement set forth the penalties that Movant faced, including imprisonment for a period not to exceed twenty years; that Movant understood that no one could predict the sentence he might receive; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation he had been provided. *Id.* Movant also signed a factual resume that set forth the elements of the offense charged by count two and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 75. On October 23, 2018, Movant entered his guilty plea and testified under oath to the facts establishing that his plea was knowing, voluntary, and intelligent, and that there was a factual basis for the plea. CR ECF No. 125.

The court sentenced Movant to a term of imprisonment of 192 months. CR ECF No. 109. He appealed, CR ECF No. 111, despite having waived the right to do so. CR ECF No. 73, ¶ 12. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issues and dismissed the appeal. *United States v. Calderon*, No. 19-10462, 2022 WL 808000 (5th Cir. Mar. 16, 2022). Movant did not file a petition for writ of certiorari.

---

3:18-CR-081-L.

**Memorandum Opinion and Order – Page 2**

## II.     THE AMENDED MOTION

On March 21, 2023, the clerk received for filing the Amended Motion under 28 U.S.C. § 2255 that appeared to have been signed on January 26, 2023. ECF No.[2] 1 at 12.[3] The Amended Motion set forth four grounds for relief: (1) Movant was unlawfully detained in violation of the Fourth and Fourteenth Amendments, *id.* at 4; (2) the evidence was insufficient to convict Movant for possession with intent to distribute, *id.* at 5; (3) Movant's guilty plea was procedurally and constitutionally invalid, *id.* at 7; and (4) counsel was ineffective at sentencing. *Id.* at 8. In the supporting facts section under each ground, Movant wrote: "Please see Memorandum of law." *Id.* at 4, 5, 7, 8. No memorandum of law was filed. The court issued a notice of deficiency and ordered that by April 21, 2023, Movant file an amended motion stating the grounds for relief and facts supporting each ground or a memorandum in support of his original motion not to exceed 25 pages. ECF No. 4. On April 18, 2023, the clerk received for filing a 48-page memorandum in support of the motion. ECF No. 5. The court, noting that the brief was not in compliance with its prior order and the local rules, ordered that by June 16, 2023, Movant must file a proper brief or the action might be dismissed. ECF No. 8. On August 8, 2023, the court *sua sponte* granted Movant an extension of time until August 30, 2023, to file his brief or face dismissal of the action. ECF No. 9. Movant failed to comply with the orders and on November 17, 2023, the United States Magistrate Judge recommended that the action be dismissed. ECF No. 10. Movant failed to file objections, and the court accepted the recommendation and dismissed the action. ECF Nos. 11 & 12.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 13" reflected at the top right portion of the document on the court's electronic filing system and are used because the typewritten page numbers on the form are not the actual page numbers of the document as filed.

**Memorandum Opinion and Order – Page 3**

On February 9, 2024, the clerk received for filing from Movant a motion to be relieved from the judgment. ECF No. 13. The court granted the motion and reinstated the action, ordering that by March 22, 2024, Movant must file a brief not to exceed 25 pages in support of his motion. ECF No. 14. On March 15, 2024, the clerk received for filing the "Brief of Petitioner in Support of 28 U.S.C. 2255 Motion." ECF No. 16. Rather than provide support for the four grounds set forth in the original motion, the brief addresses two new arguments. "Point One" states: "By virtue of ineffective assistance of counsel, Petitioner pled guilty to a non-federal offense and the judgment of conviction must be vacated." *Id.* at 3. "Point Two" states: "Counsel deprived Petitioner of his right to the effective assistance of counsel when he misled him regarding the sentence he would receive if he proceeded to trial and were convicted." *Id.* at 6.

The court issued an order to show cause. ECF No. 17. The government filed its Motion to Dismiss, ECF No. 19, and Movant has filed his response. ECF No. 20.

## III.   LIMITATIONS

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment

becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The movant bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Whether Petitioner is entitled to equitable tolling depends upon his diligence both before and after the extraordinary circumstance occurs. *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019); *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

The failure to satisfy the statute of limitations must result from factors beyond the movant's control; delays of his own making do not meet the test. *In re* Wilson, 442 F.3d at 875. Equitable tolling applies principally when the movant is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to

**Memorandum Opinion and Order – Page 5**

limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). As other courts have noted, even if prison law libraries were closed due to the Pandemic, the prison mail systems were not. *United States v. Lara*, No. 6:21-29, 2021 WL 4087613, at *2 (S. D. Tex. Sept. 8, 2021) (citing cases). Lack of familiarity with the English language does not constitute a rare or exceptional circumstance. *Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (irrelevant whether unfamiliarity with the law is due to illiteracy or any other reason));   *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Briones v. Director*, No. 3:21-CV-957-B-BN, 2024 WL 1254802, at *2 (N.D. Tex. Mar. 22, 2024); *United States v. Saunders*, No. 18-168, 2023 WL 3253659, at *3 (E.D. La. May 4, 2023); *Navar-Garcia v. United States*, No. EP-12-CV-415-KC, 2013 WL 327669, at *3 (W.D. Tex. Jan. 29, 2013) (citing *United States v. Cordova*, 202 F.3d 283 (10th Cir. 1999)).

## IV.    ANALYSIS

The Fifth Circuit dismissed Movant's appeal on March 16, 2022. *Calderon*, 2022 WL 80800, at *1. He did not file a petition for writ of certiorari, so his judgment became final on June 14, 2022. *Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012); *Clay v. United States*, 537 U.S. 522, 527 (2003). Movant had one year from that date to file his motion under Section 2255. 28 U.S.C. § 2255(f). Thus, his original motion, filed March 21, 2023, was timely.[4] Likewise, his original noncompliant memorandum of law was filed within the one-year limitations period. ECF No. 5.

---

[4] The court notes that although the motion appeared to have been signed on January 26, 2023, the envelope in which it arrived reflects that it was shipped on March 13, 2023, by priority mail from Arianne A. Armstrong, Western Center for Defense Advocacy, Las Vegas, Nevada. ECF No. 1 at 13. Accordingly, Movant is not entitled to the benefit of the prison mailbox rule. *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994).

**Memorandum Opinion and Order – Page  6**

Movant did not submit a purportedly compliant brief until March 2024, long after the limitations period ran. ECF No. 16. The grounds raised in the brief may not be considered unless they relate back to the original timely motion. *Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005). An amended petition does not relate back if it asserts new grounds supported by facts that differ in time and type from those set forth in the original pleading. *Id.*, 545 U.S. at 650. In particular, new claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims. *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009). The court must examine the claims for commonalities between the facts underlying the claims. *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021). If the new claims are based upon the same or similar allegations, they relate back. *Id.* Otherwise, they do not. *Id.*

In "Point One" of his brief, Movant asserts that because of counsel's failure to recognize that count two of the indictment did not state a federal offense, he pled guilty to a nonexistent offense. ECF No. 16 at 3–4. His argument is that the term "mixture or substance" in not included in the language of Section 841(b)(1)C), so it must not be a federal offense. *Id.* In addition, he argues that the indictment was defective in charging the offense in the disjunctive. *Id.* at 4–6. In "Point Two," Movant asserts that counsel misinformed him that if he if he proceeded to trial, the judge would impose a mandatory life sentence. *Id.* at 6–7.

Neither of the grounds set forth in the brief relates to the original motion. ECF No. 1. The original noncompliant brief makes clear that the first ground of the original motion is that Movant was unlawfully detained because evidence was obtained without a search warrant and Movant was detained for three consecutive days without "proper alimentation or communication with his

**Memorandum Opinion and Order – Page  7**

family." ECF No. 5 at 14.[5] The second ground is based on an argument that the evidence was insufficient to convict Movant for possession with intent to distribute narcotic drugs. *Id.* at 20–28 (referring to lying and inconsistent statements by the government, confidential sources, and codefendants and arguing that Movant did not negotiate, transport, receive, or deliver narcotics). The third ground is based on the argument that Movant could not have been guilty of possession with intent to distribute because he was not present at the time the codefendants were found in possession of the drugs, there is no lab report to establish the existence of the drugs, and Movant was not in the vehicle with the codefendants. *Id.* at 31. He contends that he was confused about the elements of the crime and did not understand that he could be held accountable for drugs involved in the conspiracy. *Id.* at 32. He attributes his lack of understanding to the court. *Id.* at 34–35. Finally, in his fourth ground, Movant alleges that he received ineffective assistance of counsel at sentencing, complaining vaguely of "poor strategic choices regarding what to argue at sentencing" and advising Movant "to establish a duress defense during the PSR interview." *Id.* at 37. Movant's primary complaints are about the actions of the court, for example, in accepting hearsay statements at sentencing and failing to comply with the Federal Rules of Criminal Procedure. *Id.* at 38–ECF No. 5-1 at 9. In his conclusion, Movant simply makes the conclusory allegations that counsel failed to protect Movant's fundamental rights to a fair trial and allowed the presentment of false statements and acts of government misconduct. ECF No. 5-1 at 10.

Movant does not argue that he is entitled to equitable tolling. ECF No. 20. The excuses he offers for delay—linguistic barriers and limited resources—are not rare and exceptional

---

[5] The page number references to the first part of the initial brief are to "Page __ of 39" reflected at the top right portion of the document on the court's electronic filing system. The first 38 pages of the brief were filed as ECF No. 5; the remaining portion of the brief, pages 39–48, was filed as ECF No. 5-1 and the pages of that section are referenced as "Page __ of 12."

**Memorandum Opinion and Order – Page  8**

circumstances in any event. *Petty*, 530 F.3d at 366; *Turner*, 177 F.2d at 392. His arguments that the new grounds relate back to the original grounds are unpersuasive. The new grounds are supported by facts that differ in time and type from those in the original motion and are untimely. *Mayle*, 545 U.S. at 650. Movant contends that the court should consider the original grounds even though Movant abandoned them by failing to comply with the court's orders requiring that he properly support them and by filing a brief asserting new grounds. He does not dispute that the court cautioned him that the claims would be dismissed if he failed to file a proper brief. Movant is not entitled to any further equitable relief.

V.     **CONCLUSION**

For the reasons discussed, the Amended Motion is **denied, and the court dismisses with prejudice this action**.   Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **denied**.[6]

**It is so ordered** this 29th day of August, 2024.

Sam A. Lindsay
United States District Judge

---

[6] Rule 11 of the Rules Governing § 2255 Cases, reads as follows:

**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.   If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).   If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.   A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules.   A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.